IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Jameilla Robinson,

    Plaintiff,

vs.                    Case No. 10-cv-02244-JTM

Farmers Services L.L.C., and Tami Carter,

    Defendants.

MEMORANDUM AND ORDER

Presently before this court is defendant Farmers Services L.L.C.'s Motion for Judgment on the Pleadings (Dkt. No. 7). Plaintiff filed a Response (Dkt. No. 10), and Farmers filed a Reply (Dkt. No. 11). Plaintiff then filed a Surreply in Opposition to Defendants' Motion to Dismiss and for More Definite Statement and Memorandum in Support of Plaintiff's Surreply (Dkt. Nos. 12 and 13) without leave of court. And Farmers filed a Memorandum in Opposition to Plaintiff's Request to File a Sur-Reply. (Dkt. No. 14). In plaintiff's Surreply, she also requests leave to amend her complaint. For the following reasons the court grants the defendant's motion.

**I. Factual Background**

On March 13, 2006, Farmers hired the plaintiff, Jameilla Robinson as a customer service representative at its offices in Overland Park, Kansas, which later moved to Olathe. While celebrating Father's Day on June 15, 2008, plaintiff's father suffered a heart attack. He had no

spouse or other children with the ability to care for him so plaintiff assumed his care. The Monday following her father's heart attack, plaintiff contacted Farmers Resource Planning Department to inform them of her absence and the reason for it. Plaintiff also contacted Liberty Mutual Insurance Company, which is Farmer's Family Medical Leave Act (FMLA) administrator, and reported her need for 12 weeks of FMLA leave. Farmer's informed plaintiff that she was eligible for leave and provided her forms for her father's physician to complete so she could submit them to Liberty Mutual. On June 20, Liberty Mutual confirmed in writing plaintiff's eligibility for FMLA leave "pending the arrival of the supporting documents for Plaintiff's father's physician." (Dkt. No. 1). Plaintiff provided her father's physician with the forms and the physician returned the forms to Liberty Mutual.[1] Although her father's physician returned the forms to Liberty Mutual, he did not sign them. Subsequently, "LM [Liberty Mutual] advised Plaintiff of the defects of the submission and that as a result, her claim for FMLA leave had been denied." (Dkt. No. 1, Para. 15). Liberty Mutual also orally told plaintiff that if she had the physician sign the completed form and return it the leave would be granted. Plaintiff never submitted the certification with the physician's signature. Plaintiff alleges that she intended to have the physician sign the forms on her father's next doctor's visit but she was terminated before that time on August 8, 2008.

**II. Plaintiff's Surreply**

As indicated above, plaintiff filed a Motion for Leave to File a Surreply to defendant's Reply without leave of court and also filed a Memorandum in Support of Plaintiff's Surreply in Opposition

---

[1] There is some disagreement between the parties about whether the physician actually submitted the forms to Liberty Mutual. Although the Complaint is not entirely clear, it is reasonable to infer the physician submitted the forms.

to Defendant's Motion to Dismiss and for More Definite Statement. (Dkt. Nos. 12 and 13). Farmers responded with a Motion in Opposition of plaintiff's Surreply. Under D. Kan. Local Rule 7.1(a) and (c) parties may file a dispositive motion, a response, and a reply. Generally, surreplies are not allowed. *King v. Knoll*, 399 F. Supp.2d 1169, 1174 (D. Kan. 2005). However, "[a] court will grant leave to file a surreply for rare circumstances as where a movant improperly raises new arguments in a reply." *Id.* (internal quotations omitted)

The defendant did not raise a new argument in its reply. Nevertheless, the court construes the plaintiff's pleadings liberally and will grant plaintiff's Motion for Leave to File a Surreply and deny the defendant's Motion in Opposition. The court also notes that regardless of the Surreply the court would reach the same result on defendant's Motion for Judgment on the Pleadings.[2]

## III. Legal Standard: Judgement on the Pleadings

The court analyzes a motion for judgment on the pleadings under the same standard as a motion to dismiss under 12(b)(6). *Park Univ. Enters., Inc. v. Am. Casualty Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006). "In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Corder v. Lewis Palmer Sch. Dist No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[2]Plaintiff's Memorandum in Support of her Surreply attempts to clarify statements contained in her Complaint while also clarifying a legal argument plaintiff previously asserted in her Response to defendant's motion. Last, plaintiff inserts an argument based on equitable estoppel. These clarifications and arguments are unnecessary in the court's ruling on defendant's Motion for Judgment on the Pleadings.

3

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (clarifying and affirming *Twombly's* probability standard). Allegations that raise the specter of mere speculation are not enough. *Corder*, 566 F.3d at 1223-24. The court must assume that all allegations in the complaint are true. *Iqbal*, 129 S. Ct. at 1936-37. "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'" *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2 (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)).

**IV. Conclusions of Law**

*A. Interference/Entitlement Claim*

The defendant argues that Count I and Count II of plaintiff's Complaint should be dismissed because plaintiff failed to submit the proper certification necessary for FMLA leave. Count I alleges that the defendant interfered with the plaintiff's entitlement to FMLA leave. To establish a prima facie case of FMLA interference with an entitlement the plaintiff must show "(1) that he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with his right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of his FMLA rights." *Jones v. Denver Pub. Schs.*, 427 F.3d 1315, 1319 (10th Cir. 2005).

An employer may require an employee to submit certification along with a request for FMLA leave. *See* 29 U.S.C. § 2613(a) (2006) ("An employer may require that a request for leave . . . be supported by a certification issued by the health care provider of the eligible employee or of the . . . parent of the employee."). The pertinent regulations shed light on the meaning of the certification

4

requirement. If an employer requires certification before allowing FMLA leave, the employer must give the employee written notice of that requirement. 29 C.F.R. § 825.305(a) (2007). The employer also must notify the employee of the consequences of failing to provide adequate certification. Finally, the timing of the notice and the timing of the certification are critical. Section 825.305(b) provides:

> When the leave is foreseeable and at least 30 days notice has been provided, the employee should provide the medical certification before the leave begins. When this is not possible, the employee must provide the requested certification to the employer within the time frame requested by the employer (which must allow at least 15 calendar days after the employer's request), unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts.

*Id.* (emphasis added).

Kansas district courts have held that if an employer requires certification, "[f]ailure to meet the certification requirements renders the employee's absence unprotected by the FMLA." *Myers v. Dolgencorp*, No. 04-4137, 2006 WL 408242, at * 6 (D. Kan. Feb. 15, 2006) (citing *Cash v. Smith*, 231 F.3d 1301, 1307 (11th Cir. 2000)); *Allender v. Raytheon Aircraft Co.*, 339 F. Supp.2d 1196, 1205 (D. Kan. 2004) (holding that "[employee] cannot show that she was entitled to FMLA leave because she cannot show that she gave the required notice and certification to [employer]"). If an employee violates attendance policies of the company due to the uncertified FMLA forms, the employer may terminate the employee without violating the FMLA. *Myers*, 2006 WL 4082423, *6. The regulations do allow some leeway in the 15 day requirement if an employee is unable to secure a proper certification despite diligent, good faith efforts. 29 C.F.R. § 823.305(b). The Tenth Circuit has not specifically addressed what constitutes a diligent, good faith effort; however, the Seventh

5

Circuit has addressed this precise issue. *Rager v. Dade Behring, Inc.*, 210 F.3d 776, 779 (7th Cir. 2000). In *Rager*, the court held that the diligent, good faith efforts language in 29 C.F.R. § 825.305(b) was an equitable tolling provision that would allow an employee to toll the 15 day certification requirement if the employee could not comply with the requirements due to a physical or mental disability. *Rager*, 210 F.3d at 779. *Rager* also holds that the certification requirement is subject to equitable estoppel if an employer engages in conduct likely to mislead the employee into believing certification is not necessary or that the employer increased the time for submitting a certification. *Id.* at 778-79.

Plaintiff cannot show she was entitled to FMLA leave, having admitted in her Complaint that defendant requested certification and she failed to obtain it. Plaintiff argues she was unable to comply with the requirements because she was caring for her ill father. Her father had a heart attack on June 15, 2008, and Farmers terminated her on August 8. During that seven-week period, while she spent much time caring for her father, plaintiff has failed to show that she made any effort to do so. Plaintiff has not shown diligent, good faith efforts to comply. *See Baldwin-Love v. Elec. Data Sys. Corp.*, 307 F. Supp.2d 1222, 1234 (M.D. Ala. 2004) (finding a plaintiff's failure to provide certification after a couple of months precluded her from establishing diligence). Additionally, plaintiff's Complaint contains no allegation that Farmers ever represented that she did not have to complete a certification or that it would allow her to return the certification after her father's next doctor's visit. In her Surreply plaintiff argues that Farmers's permission to delay returning the certification might be inferred from Farmers's statement the FMLA leave would be granted if she completed the certification. While it may be plaintiff's best argument, that inference is not

6

reasonable. Farmers agreed to allow her to obtain the doctor's signature, but a reasonable person could not have construed that kindness as an open ended offer.

Plaintiff also argues that the defendant did not provide her with an opportunity to cure the defect in certification as required by 29 C.F.R. § 825.305(c)-(d) (2007). Those provisions provide:

> (c) In most cases, the employer should request that an employee furnish certification from a health care provider at the time the employee gives notice of the need for leave or within two business days thereafter, or, in the case of unforeseen leave, within two business days after the leave commences. The employer may request certification at some later date if the employer later has reason to question the appropriateness of the leave or its duration.
>
> (d) At the time the employer requests certification, the employer must also advise an employee of the anticipated consequences of an employee's failure to provide adequate certification. The employer shall advise an employee whenever the employer finds a certification incomplete, and provide the employee a reasonable opportunity to cure any such deficiency.

*Id.* An employer must provide a reasonable opportunity for the employee to cure a deficiency in certification before terminating the employee.

The Complaint clearly states that "LM [Liberty Mutual] advised Plaintiff of the defects of the submission and that as a result, her claim for FMLA leave had been denied. It also advised Plaintiff of her right to appeal this determination and Plaintiff was orally advised that if she would have the physician merely sign the completed form and return it the leave would be granted to her." (Dkt. No. 1, Para. 15). This allegation shows that the defendant did give the plaintiff notice about the defective certification and gave her an opportunity to cure it by saying her FMLA leave would be granted if she had the physician sign the certification. The defendant gave her from at least the middle of June until August 8, 2008, to obtain the required certification; yet she did not do so. The plaintiff failed to submit a completed certification even though the defendant gave her notice and a

7

reasonable opportunity to cure. *See Ridings v. Riverside Med. Ctr.*, 537 F.3d 755, 768 (7th Cir. 2008) (holding that an employer who gave an employee notice on April 1, 2004, and did not terminate the employee until May 13, 2004, constituted notice and a reasonable opportunity to cure). Without proper certification the defendant was authorized to deny her FMLA leave request and eventually terminate her employment.

*B. Retaliation Claim*

The defendant also seeks judgment on the pleadings on Count II. Count II alleges the defendant retaliated against plaintiff for seeking FMLA leave. A retaliation claim under 29 U.S.C. § 2615 is analyzed under the *McDonnell Douglas* burden shifting approach. *Myers*, 2006 WL 408242, at *8. The plaintiff must first make a prima facie case of retaliation. Next, the burden shifts to the defendant to prove a legitimate, non-discriminatory reason for the adverse employment decision. *Id.* If the defendant meets this burden, the plaintiff must show evidence that disproves the defendant's non-discriminatory reason. *Id.* To establish a prima facie case of retaliation, a plaintiff must show: (1) that she engaged in protected activity; (2) the defendant took action that a reasonable employee would consider adverse; and (3) there is a causal connection between the protected activity and the adverse action. *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007). As in the interference/entitlement claim, the plaintiff must submit the necessary certification to establish the first prong of the prima facie case. *Myers*, 2006 WL 408242, at *8. As explained above, because plaintiff failed to submit the proper certification, her retaliation claim also fails.

*C. Leave to Amend Complaint*

Last, plaintiff also requests leave to amend her Complaint. Under Fed. R. Civ. P. 15(a)(1)(A)-(B) a party may freely amend its complaint within "21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion . . .whichever is earlier." At all other times the party must seek leave of the court to amend its pleading. Fed. R. Civ. P. 15(a)(2). "When a party files a proper motion for leave to amend, rule 15(a) further provides 'leave shall be freely given when justice so requires.'" *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1185 (10th Cir. 1999) (quoting Fed. R. Civ. P. 15(a)). Generally, a party must file a motion to amend before the court will grant leave to amend. *Id.* at 1185-86. If a party does not file a formal motion to amend its pleading the Tenth Circuit provides that "a request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it." *Id.* at 1186-87. However, it is "insufficient where the plaintiffs made a bare request in their response to a motion to dismiss 'that leave be given to the Plaintiffs to amend their Complaint.'" *Id.* at 1186 (quoting *Glenn v. First Nat'l Bank*, 868 F.2d 368, 370 (10th Cir. 1989)).

Applying this standard, this court holds that plaintiff's request for leave to amend is insufficient. Plaintiff failed to file a motion for leave to amend and her only request for leave to amend came at the end of her Response to defendant's Motion for Judgment on the Pleadings. Plaintiffs entire request stated: "Should the Court nevertheless believe that the Plaintiff need provide [sic] further clarity to these facts, then it is requested that the Plaintiff be granted leave to amend her Complaint so that greater detail can be added to the pleading so that she might nudge the Complaint

9

across the line from speculation to plausibility." (Dkt. No. 10). Applying *Calderon*, a bare request for leave to amend at the end of a response to another motion is not sufficient for Rule 15(a)(2); thus, plaintiff's request for leave to amend is denied. *See Calderon*, 181 F.3d at 1186.

The court also notes that even if leave were granted, it is unlikely the plaintiff could allege facts sufficient to make out viable claims under either Count I or II. Plaintiff admits that she failed to submit sufficient certification. Absent facts showing the required certification was submitted, granting leave to amend would not change the result. Therefore, defendant's Motion for Judgment on the Pleadings is granted for Counts I and II.

IT IS ACCORDINGLY ORDERED this 14th day of October 2010, that defendant's Motion for Judgment on the Pleadings (Dkt. No. 7) is granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE